607 A.2d 260

Lisa **FLAMER**, Appellant,

v.

**NEW JERSEY TRANSIT BUS OPERATIONS, INC.**

Nadine **THOMAS**, Appellant,

v.

**NEW JERSEY TRANSIT CORPORATION.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1991.

Filed March 27, 1992.

Reargument Denied June 5, 1992.

Sheldon Tabb, Philadelphia, for appellant (at 192).

Melissa Lang, Philadelphia, for appellant (at 467).

Howard M. Girsh, Philadelphia, for appellee.

Before CAVANAUGH, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This is a consolidated appeal from orders dismissing these cases for lack of jurisdiction. Appellants, Lisa Flamer and Nadine Thomas, contend that the trial court erred (1) in considering and granting a motion for judgment on the pleadings made by appellee, N.J. Transit Bus Operations, Inc. ("N.J. Transit"); and (2) in determining that the Full Faith and Credit Clause of the United States Constitution,

Art. 4, § 1, required this Commonwealth to recognize the New Jersey Tort Claims Act and to transfer these cases to New Jersey. For the following reasons, we affirm.

In their complaints, appellants, Lisa Flamer and Nadine Thomas, averred that they are residents of Philadelphia who were injured while riding on a bus owned and operated by appellee, New Jersey Transit, which was involved in a motor vehicle accident in New Jersey. The complaints also averred that appellee maintains a place of business in Philadelphia and regularly conducts business there. In response to appellants' complaints, appellee filed preliminary objections in which it averred that it is a sovereign entity of the State of New Jersey and thus, immune from suit in Pennsylvania pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.* The trial court denied the objections, holding that appellee's claim of immunity had to be pleaded in new matter and would only be entertained in a motion for judgment on the pleadings. Appellee appealed to this court, and we quashed the appeal as being interlocutory and not meeting the requirements of Pa. R.A.P. 311, which pertains to interlocutory appeals as of right. Appellee filed an answer and new matter, alleging that it was a sovereign public entity of the state of New Jersey and thus entitled to the protections of the New Jersey Tort Claims Act. Appellee then filed a motion to dismiss each appellant's complaint for lack of subject matter jurisdiction or alternatively, to apply New Jersey substantive and procedural law to the case. The trial court granted appellee's motion and dismissed appellants' complaints for lack of jurisdiction without prejudice to refile in New Jersey. This timely consolidated appeal followed.

Preliminarily, we note that, although this is a consolidated appeal, the issues raised by the appellants are not identical. Therefore, we will first address the nonidentical issues and then proceed to address the identical issues raised.

## I.

## A.

Appellant, Nadine Thomas, first contends that the trial court treated appellee's motion to dismiss for lack of jurisdiction as a motion for judgment on the pleadings and erred in granting the motion. Specifically, appellant Thomas argues that the court erred in granting the motion because appellee had already raised the issue of lack of jurisdiction due to sovereign immunity in its preliminary objections, the trial court denied the objection and this court quashed appellee's appeal therefrom. Accordingly, appellant argues, appellee was prohibited from raising the issue again in a motion for judgment on the pleadings and the trial court was prohibited from ruling on the motion. We disagree.

Initially, we note that it is undisputed that appellant's motion to dismiss was to be construed as a motion for judgment on the pleadings [1]. Accordingly, we will treat it as such. While we agree with appellant Thomas that a motion for judgment on the pleadings may not be used to reargue issues concerning the pleadings which the court has already decided, see Standard Pennsylvania Practice 2d, § 31:8 at 149, we find that in the instant case, appellee's motion does not do so. In ruling on appellee's preliminary objections, the trial court never addressed the issue of whether subject matter jurisdiction existed. Instead, the court stated that appellee's claim of lack of subject matter jurisdiction was improperly pled in its preliminary objections and should be pled in appellee's answer by way of a new matter. Opinion, Doty, J., September 22, 1989 at 1 and 2. Moreover, when appellant appealed to this court, we never reached the merits of appellant's contention of lack of subject matter jurisdiction. Rather, we found the appeal as being interlocutory. Therefore, the trial court did not err in

1. In its brief, appellee refers to its motion to dismiss as a motion for judgment on the pleadings. See Appellee's Brief at 14–15.

considering and ruling on appellee's motion for judgment on the pleadings.

### B.

■ Appellant Thomas also argues that the court erred in considering and accepting appellee's legal conclusion that the court must respect its claim of immunity. As evidence of that trial court considered and accepted this conclusion, appellant states that she did not plead immunity in her complaint, and thus the court relied on appellee's claim of its immunity which it raised in its answer. This claim is meritless. While a trial court cannot accept the conclusions of law of either party when ruling on a motion for judgment on the pleadings, *see Jones v. Travelers Ins. Co.*, 356 Pa.Super. 213, 514 A.2d 576 (1986), it is certainly free to reach those same conclusions independently. *See Enoch v. Food Fair Stores, Inc.*, 232 Pa.Super. 1, 331 A.2d 912 (1974). Here, we find that the trial court reviewed the facts as pleaded by the appellant and made its own independent determination of immunity. Accordingly, we will review that determination.

### II.

Appellants Thomas and Flamer both contend that the trial court erred in concluding that the Full Faith and Credit Clause of the U.S. Constitution, Art. 4, § 1, requires this Commonwealth to apply the New Jersey Tort Claims Act, and under such Act, to find appellee immune from suit in Pennsylvania. Both contend that application of this Act violates Pennsylvania's public policy against sovereign immunity and as a result, full faith and credit does not require its application.

■ We agree with appellants that the Full Faith and Credit Clause does not mandate that a state recognize another state's laws granting itself and its agencies immunity from suit. In *Nevada v. Hall*, 440 U.S. 410, 425, 99 S.Ct. 1182, 1190–91, 59 L.Ed.2d 416 (1979), the Supreme

Court held that whether one state is required to accord sovereign immunity in its courts to another state is purely a question of comity and is not a constitutional mandate. Moreover, the Court specifically stated that, if the public policy of one state allows suit against another state, the Full Faith and Credit clause does not require that state to grant the other immunity. *Id.* at 422, 99 S.Ct. at 1189. We disagree with appellants, however, that application of the New Jersey Tort Claims Act would violate Pennsylvania's public policy.

■ Preliminarily, we note that appellee is a public entity of the state of New Jersey and an alter ego of that state. *Smith v. New Jersey Transit Corporation,* 691 F.Supp. 888 (E.D.Pa.1988); *Dunn v. New Jersey Transit Corporation,* 681 F.Supp. 246 (D.N.J.1987). As such, appellee is governed by the New Jersey Tort Claims Act. *Transport of New Jersey v. Matos,* 202 N.J.Super. 571, 495 A.2d 503 (1985). Pursuant to this Act, public entities are held liable for their negligence. N.J.S.A. 59:2–1. *See* N.J.S.A. 59:2–2(a). However, conditions and limitations are placed on their liability. For example, N.J.S.A. 59:9–1 requires claims brought under this Act to be heard in accordance with New Jersey Rules of Court. One such rule is that suit against a public entity be heard in the county wherein the incident arose. N.J. Court Rule 4:3–2(a). N.J.S.A. 59:9–2 prohibits the payment of punitive or exemplary damages or interest on judgments, and restricts the award of pain and suffering to those cases where there is permanent loss of a bodily function, permanent disfigurement or dismemberment where medical treatment expenses are in excess of $1000.00. In addition, N.J.S.A. 59:8–8 and 59:8–9, require a claimant to provide notice to the public entity within ninety days, but make an exception if the trial court in its discretion, finds no prejudice to the public entity and that suit would be commenced within two years of the accrual of the claim. As these provisions indicate, sovereign immunity still exists in New Jersey, but in a limited form.

■ Such a limited doctrine of sovereign immunity as that embodied in the New Jersey Tort Claims Act is not repugnant to the public policy of Pennsylvania. We recognize that in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), our Supreme Court abolished the doctrine of sovereign immunity in Pennsylvania and declared the public policy of this Commonwealth was to hold an entity, regardless of its nature, responsible for its tortious conduct. However, our legislature, concerned with the broad implications of *Mayle*, limited the court's holding by enacting the Act of October 5, 1980, 42 Pa.C.S.A. § 8521 *et seq. See* Historical Note following 42 Pa.C.S.A. § 8522 ("This act is intended to specifically respond to and prescribe limitations on the decision of Mayle v. Commonwealth, decided by the Supreme Court on July 14, 1978.") Under this Act, Commonwealth parties are still held liable for their negligence, *see* 42 Pa.C.S.A. § 8522, but conditions and limitations are placed on their liability [2]. In addition, our legislature enacted, the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq.*, which also upholds sovereign immunity with limitations [3].

A comparison of these two Pennsylvania acts with the New Jersey Tort Claims Act reveals that they are similar enough so that application of the New Jersey Tort Claims

2. For example, 42 Pa.C.S.A. § 8522 specifically lists those acts for which a Commonwealth party may be held liable. These are the only instances in which immunity is waived. Furthermore, 42 Pa.C.S.A. § 8528 limits damages. Damages arising from the same cause of action or transaction or occurrence cannot exceed $250,000.00 in favor of any plaintiff or $1,000,000.00 in aggregate. Punitive and exemplary damages are excluded. Moreover, 42 Pa.C.S.A. § 5522 requires a claimant to commence action against the Commonwealth within six months after the date of injury, but makes an exception if the trial court finds that the claimant has purported a reasonable excuse.

3. Under this Act, local government agency immunity is waived only in specific situations. *See* 42 Pa.C.S.A. § 8542. In addition, damages are limited. For example, under 42 Pa.C.S.A. § 8553, damages arising from the same cause of action or transaction or occurrence cannot exceed $500,000.00 and damages for pain and suffering can only be recovered in instances of death or permanent loss of a bodily function or dismemberment where medical and dental expenses exceed $1,500.00.

Act would not violate this Commonwealth's public policy. All three acts hold a public entity liable for its torts, but condition and limit liability. For example, all three acts condition recovery on the claimant's providing notice within a specified time. Moreover, all three limit the amounts of damages a tort victim can recover. Also important is the fact that the Act of October 5, 1980, like the New Jersey Tort Claims Act, limits the liability of common carriers. *See Chambers v. Southeastern Pennsylvania Transportation Authority*, 128 Pa.Cmwlth. 368, 563 A.2d 603 (1989); *Southeastern Pennsylvania Transportation Authority v. Hussey*, 138 Pa.Cmwlth. 436, 438, 588 A.2d 110, 111 (1991). Accordingly, we find that application of the New Jersey Tort Claims Act would not violate the public policy of this Commonwealth.

Our analysis does not end there, however. Next we must determine if, as a matter of comity, this Commonwealth should give effect to the New Jersey Tort Claims Act. *Nevada v. Hall, supra* 440 U.S. at 422, 99 S.Ct. at 1189.

Recently, in *Laconis v. Burlington County Bridge Commission*, 400 Pa.Super. 483, 583 A.2d 1218 (1990), this court engaged in such an analysis. In *Laconis*, the plaintiff, a Pennsylvania resident, was injured when his car hydroplaned in water which had accumulated in a depression on the highway immediately past the bridge maintained by the defendant, a New Jersey bridge commission. The plaintiff brought a negligence action against the bridge commission in Pennsylvania. The bridge commission claimed that it was immune from suit in Pennsylvania under the New Jersey Tort Claims Act because it was a public entity of New Jersey. The trial court, however, refused to grant immunity, and an appeal to our court followed. This court, engaging in a choice of law analysis, affirmed the trial court's refusal to apply the New Jersey Tort Claims Act, holding that Pennsylvania law applied. In reaching this result, we utilized the following well-established choice of law principles:

Under principles of comity, the rights and liabilities of the parties with respect to a tort action are determined by the law of the state which has the most significant relationship to the occurrence and the parties. *See Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964); Restatement (second) of Conflicts of Laws, §§ 145, 146; *see also Giovanetti v. Johns–Manville Corp.*, 372 Pa.Super. 431, 539 A.2d 871 (1988); *Miller v. Gay*, 323 Pa.Super. 466, 470 A.2d 1353 (1983). The following contacts, which are to be applied qualitatively rather than quantitatively under the case law, that are taken into account in determining which state law applies [are]: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship between the party is centered. Furthermore, in an action for personal injuries, the law of the state where the injury occurred normally determines the rights and liabilities of the parties, unless another state, applying the contacts test, has a more significant relationship to the occurrence and the parties.

*Id.* 400 Pa.Super. at 491–92, 583 A.2d at 1222–23.

Under the aforementioned principles, the *Laconis* court found that the facts governing the choice of law analysis were that the plaintiff was a Pennsylvania resident injured in Pennsylvania; that the tortious conduct occurred in Pennsylvania; and that while the commission was incorporated in New Jersey and conducted business there, it conducted a significant portion of its business in Pennsylvania and was not funded by tax money from New Jersey. The court concluded that Pennsylvania's interest in protecting its citizens from tortious conduct would be directly advanced and that New Jersey's interest in immunity would not be injured. Accordingly, the court held that, because Pennsylvania had a more significant relationship to the parties and the occurrence, the law of this Commonwealth should apply.

■ In the instant case, applying the same factors as in *Laconis,* we find that New Jersey has the more significant relationship to the parties and the occurrence. Here, the place of injury and the place of the alleged tortious conduct is New Jersey. New Jersey has a strong interest in regulating the conduct of its common carriers and of its highways. Moreover, appellee receives a significant portion of its operating budget from New Jersey tax dollars and conducts most of its business in the state of New Jersey. *Smith v. New Jersey Transit Corp., supra* at 890–891. While this Commonwealth has strong interests in protecting its citizens against tortious acts and in regulating the conduct of a foreign corporation, such interests are not impeded by applying the New Jersey Tort Claims Act. The Act, like its Pennsylvania counterparts, enables injured persons to sue government entities for damages, but simply imposes limits. Therefore, we find that New Jersey has the more significant relationship to the parties and the occurrence, and as a result, we will apply the New Jersey Tort Claims Act.

Under the New Jersey Tort Claims Act, suit must be brought pursuant to the rules of court of New Jersey. N.J.S.A. 59:9–1. New Jersey Court Rule 4:3–2(a) provides that in any suit against a public entity, venue is proper only in the county wherein the incident arose. *Id.* Here, the accident occurred in Camden, New Jersey. As a result, we affirm the trial court's order dismissing appellant's claims without prejudice to appellants' right to refile in Camden, New Jersey.[4]

Order affirmed.

---

**4.** Appellants Thomas and Flamer both contend that the lower court erred in determining that it lacked subject matter jurisdiction over their suits. Specifically, they argue that pursuant to the test for subject matter jurisdiction of courts of this Commonwealth, *see Yezerski v. Fong,* 58 Pa.Cmwlth. 566, 428 A.2d 736, 737 (1981) (quoting *Studio Theatres, Inc. v. Washington,* 418 Pa. 73, 209 A.2d 802 (1965)), and pursuant to the Pennsylvania Long Arm Statute, 42 P.S. § 5322, Pennsylvania courts have both subject matter and *in personam* jurisdiction over the appellee. Consequently, they argue that suit must remain here. Furthermore, appellant Flamer argues that under *fo-*

*rum non conveniens* principles and the Pennsylvania No Fault Act, suit must remain in Pennsylvania. First, appellant Flamer argues that *forum non conveniens* principles mandate that a court retain a case if there is no other available forum. Appellant argues that, because she did not comply with the notice requirements of the New Jersey Tort Claims Act, she is barred from suit in New Jersey, and thus, there is no other forum in which she may sue. Second, appellant Flamer argues that the No Fault Act states that a tort victim's right to sue shall be determined by the law of victim's domicile, and thus, again Pennsylvania law would apply. We disagree. If appellee was simply a foreign corporation then the aforementioned tests for subject matter and *in personam* jurisdiction and the *forum non conveniens* principles would apply. However, appellant is an alter ego of the state of New Jersey and thus, governed by the New Jersey Tort Claims Act, which we have deemed applicable in the instant matter. Under this Act, jurisdiction exists only within New Jersey. Moreover, we note that the Pennsylvania No Fault Act was repealed effective October 1, 1984 by the Motor Vehicle Financial Responsibility Act, 75 Pa.C.S.A. § 1701 *et seq.*