**Angeline G. GAGLIOTI and Anthony Gaglioti**

v.

**Thomas J. CUMMINGS, Bellmawr Borough, Eleanor M. Bell.**

No. CIV. A. 99–1898.

United States District Court, E.D. Pennsylvania.

July 20, 1999.

Gregory G. Stagliano, Media, PA, for Plaintiffs.

Michael O. Kassak, Cindy Perr, White and Williams, LLP, Westmont, NJ, for Defendants.

## MEMORANDUM

DALZELL, District Judge.

This diversity action, involving a three-car automobile accident with drivers from three states, presents a difficult choice of law problem. The case law instructs that we must apply the state law as if we were a state court, see *Erie Railroad v. Tompkins* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), *Instructional Systems, Inc. v. Computer Curriculum Corp.*, 35 F.3d 813, 823 (3d Cir.1994), and this includes the forum state's choice of law rules, here Pennsylvania's. See *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), *Compagnie des Bauxites de Guinee v. Argonaut–Midwest Ins. Co.*, 880 F.2d 685 (3d Cir.1989).

The facts relevant to our choice of law inquiry are not in dispute. The accident happened on April 3, 1997 in Upper Chichester Township, Delaware County, Pennsylvania. Plaintiff Angeline Gaglioti ("Gaglioti"), a domiciliary of Pennsylvania, alleges she was injured in the accident because of the negligence of defendant Thomas J. Cummings ("Cummings"), a New Jersey domiciliary, and defendant Marie Bell ("Bell"), a domiciliary of Delaware. Cummings, a firefighter for defen-

dant Bellmawr Borough ("Bellmawr") in Camden County, New Jersey, was at the time of the accident driving a Bellmawr Fire Department vehicle and was acting in the scope of his employment to retrieve a piece of equipment for the Bellmawr Fire Department from somewhere in Pennsylvania. Bellmawr is providing Cummings with a defense and indemnification in this matter. Bellmawr is a municipal public entity funded solely by New Jersey tax dollars, derives no business in Pennsylvania, and conducts its business in New Jersey.[1]

Defendants Cummings and Bellmawr now move to dismiss the complaint for lack of subject matter jurisdiction because they contend that when we apply Pennsylvania choice of law rules to this case, we must honor the limited sovereign immunity granted to Bellmawr and Cummings under the New Jersey Tort Claims Act, see N.J. Stat. Ann. § 59:1–1, *et. seq.*, which would require dismissal of the complaint without prejudice to plaintiffs' right to refile the case in New Jersey. See *Flamer v. New Jersey Transit Bus Operations, Inc.*, 414 Pa.Super. 350, 607 A.2d 260, 264–65 & n. 4 (1992).

The Pennsylvania Superior Court has twice addressed the application of the New Jersey Tort Claims Act against a Pennsylvania plaintiff. See *Flamer*, 414 Pa.Super. 350, 607 A.2d 260, and *Laconis v. Burlington County Bridge Comm'n*, 400 Pa.Super. 483, 583 A.2d 1218 (1990). At the outset, we note that a limited doctrine of sovereign immunity as embodied in the New Jersey Tort Claims Act is not repugnant to the public policy of Pennsylvania. See *Flamer*, 607 A.2d at 263. Accordingly, we turn to the well-established Restatement (Second)[2] choice of law principles applied in *Laconis* and *Flamer* to determine which state, Pennsylvania or New

---

1. Nothing in the record suggests that Cummings or other Bellmawr Fire Department employees regularly go into Pennsylvania to retrieve equipment or for any other purpose.

2. Restatement (Second) of Conflicts of Laws §§ 145, 146, adopted in *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964).

Jersey, has the most significant relationship to this case:

> Under principles of comity, the rights and liabilities of the parties with respect to a tort action are determined by the law of the state which has the most significant relationship to the occurrence and the parties. The following contacts, which are to be applied qualitatively rather than quantitatively under the case law, that are taken into account in determining which state law applies: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation, and place of business of the parties; and the place where the relationship between the parties is centered. Furthermore, in an action for personal injuries, the law of the state where the injury occurred normally determines the rights and liabilities of the parties, unless another state, applying the contacts test, has a more significant relationship to the occurrence and parties.

*Laconis*, 583 A.2d at 1222–23 (citations omitted).

In *Laconis*, the Superior Court applied these principles to reach the conclusion that Pennsylvania had the more significant relationship in a case where the plaintiff, a citizen of Pennsylvania, was injured by a tort that occurred in Pennsylvania and the defendant was a county bridge commission incorporated in New Jersey, but which necessarily conducted a significant portion of its business in Pennsylvania and was not funded by any New Jersey tax money.

See *Laconis*, 583 A.2d at 1222. Based upon these facts, the Superior Court concluded that the trial court was not required to afford the defendant immunity under the New Jersey Tort Claims Act. *See id.*

In *Flamer*, another panel of the Superior Court reached the opposite conclusion in a case involving Pennsylvania plaintiffs where the tort occurred in New Jersey and the defendant was a New Jersey public entity which received a significant portion of its operating budget from New Jersey tax dollars and conducted most of its business in New Jersey. See *Flamer*, 607 A.2d at 264–65. In *Flamer*, the court concluded that New Jersey had the more significant relationship and, therefore, that the trial court properly afforded the defendant immunity under the New Jersey Tort Claims Act and properly dismissed the case. *See id.*

█ While the Gagliotis' case appears to fall between *Laconis* and *Flamer*, upon a careful review of the record we find that New Jersey has the more significant relationship.[3] Although the accident here occurred in Pennsylvania, and Pennsylvania has an interest in regulating the safety of its streets and highways as well as in protecting its citizens against tortious acts, we find that the principles of comity—*e.g.*, to foster cooperation, promote harmony, and to build goodwill—support our decision to apply New Jersey law in this case. *See, e.g., Lee v. Miller County of Ark.*, 800 F.2d 1372, 1375–79 (5th Cir.1986) (applying a comity analysis and holding that an Arkansas county was immune from liability

---

**3.** We note, not at all parenthetically, that almost a year ago we addressed this very issue in virtually the same case in which Bell (of Delaware) sued Cummings (of New Jersey). The Gagliotis were not parties to that case. *See Bell v. Cummings*, Civ. No. 98–1543 (D.Pa. Aug. 7, 1998). In that case, we also reached the conclusion that New Jersey had the more significant relationship because the only connection that Pennsylvania had to the case was the fortuity that the accident occurred in Pennsylvania. We held that while Pennsylvania has an interest in regulating the

safety of its streets and highways—an interest that every state shares—New Jersey had the more significant relationship because Cummings was present in Pennsylvania only to retrieve a piece of equipment for the Bellmawr Fire Department, Bellmawr was indemnifying Cummings in the lawsuit, Bellmawr is funded solely by New Jersey tax dollars, and Bellmawr does not conduct any business in Pennsylvania. That case settled while on appeal. *See* Stipulation of Dismissal Pursuant to F.R.A.P. 42(b), *Bell v. Cummings*, No. 98–1772 (3d Cir. Dec. 30, 1998).

in Texas for an accident that occurred in Texas because failure to recognize Arkansas sovereign immunity laws could lead to a breakdown in communication between the two states and unwillingness to share equipment and personnel as part of a joint civil defense project).[4]

The New Jersey Tort Claims Act, like its Pennsylvania counterpart, enables injured persons to sue New Jersey governmental entities for damages under limited circumstances. If we do not honor the limitations imposed under the New Jersey Tort Claims Act, and instead put a Pennsylvania citizen's interests ahead of the interests of comity, we believe that there is a risk that our sister states—six of whom border the Commonwealth—would not respect similar Pennsylvania laws.[5]

Accordingly, because we find that New Jersey's more significant public interest trumps Pennsylvania's interests here, we will apply the New Jersey Tort Claims Act, and, therefore, dismiss this case against defendants Cummings and Bellmawr.[6]

■ As our conclusion is, however, nothing more than an *Erie/Klaxon* guess in the absence of controlling authority from the Pennsylvania Supreme Court, we

are well aware of the peril Judge Sloviter has elsewhere identified. *See* Dolores K. Sloviter, *A Federal Judge Views Diversity Jurisdiction Through the Lens of Federalism,* 78 Va. L.Rev. 1671, 1679–81 n. 53 (1992) (discussing the difficulty of making "*Erie* guesses" and citing specific cases where federal predictions of state supreme courts' rulings proved wrong). That peril is magnified here where two panels of the Superior Court have rendered analyses that would lead to opposite conclusions on these facts. There is, therefore, ample basis for concluding that "there is substantial ground for difference of opinion" on this point within the meaning of 28 U.S.C. § 1292(b).[7]

We are also mindful that the Pennsylvania Supreme Court has for this year only afforded our Court of Appeals an avenue for definitive resolution of this important question of Pennsylvania public policy, and that is to certify to that tribunal important questions of Pennsylvania law like that at issue here. *See* Rules Regarding Certification of Questions of Law, reprinted in *Pennsylvania Rules of Court* 727–28 (West 1999).

We therefore certify the following question for appellate review pursuant to 28 U.S.C. § 1292(b):

---

4.  It will be recalled that contacts in Pennsylvania choice of law analysis "are to be applied qualitatively rather than quantitatively," *Laconis,* 583 A.2d at 1222–23. While quantitatively Pennsylvania has more of a connection to the facts of this case (*e.g.,* Pennsylvania is the place where the injury occurred, Pennsylvania is the place where the conduct causing the injury occurred, and Pennsylvania is the place where the plaintiff is domiciled), we believe that *qualitatively* New Jersey has a more significant relationship (*e.g.,* Bellmawr is a municipal public entity funded solely by the tax dollars of New Jersey citizens, Bellmawr derives no business in Pennsylvania, Bellmawr apparently conducts all of its business in New Jersey, and had the accident occurred in New Jersey the New Jersey Tort Claims Act unquestionably would have applied).

5.  For example, if a Philadelphia police officer chased a fleeing criminal into New Jersey and accidentally struck innocent third parties, under the Pennsylvania Political Subdivision Tort Claims Act the officer's potential liability would be limited to $500,000. *See* 42 Pa. Cons.Stat. Ann. § 8553. In New Jersey, however, there would apparently be no such cap on damages.

6.  Our dismissal as to defendants Cummings and Bellmawr is without prejudice to plaintiffs' right to refile the case in New Jersey. *See Flamer,* 607 A.2d at 264–65.

7.  Our decision here is not a final order as the diversity case between plaintiffs and defendant Bell remains with us. We believe the immediate appeal from this order nevertheless "may materially advance the ultimate termination of the litigation" because it will resolve whether plaintiffs must fight a two-front litigation—with attendant duplicative efforts and possibly inconsistent adjudications that inevitably would delay final resolution of this episode—or a one-front case.

Would Pennsylvania courts afford a New Jersey municipality and its agent the protection of the New Jersey Tort Claims Act in an action arising from injury to a Pennsylvania citizen at a Pennsylvania site?

An Order follows.

## ORDER

AND NOW, this 20th day of July, 1999, upon consideration of defendants Thomas J. Cummings and Bellmawr Borough's motion to dismiss for lack of subject matter jurisdiction, and plaintiffs' response thereto, and defendants' reply thereto, and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED;

2. Plaintiffs' claims against defendants Thomas J. Cummings and Bellmawr Borough are DISMISSED WITHOUT PREJUDICE;

3. We CERTIFY the following question to the United States Court of Appeals for the Third Circuit:

Would Pennsylvania courts afford a New Jersey municipality and its agent the protection of the New Jersey Tort Claims Act in an action arising from injury to a Pennsylvania citizen at a Pennsylvania site?

4. The Clerk shall TRANSFER the remaining open portion of this case to the Civil Suspense Docket until further order of this Court.