Giovanni ASTORINO and Sandra Astorino, H/W and Mark Shtraus and Lilita Shtraus, H/W, Appellants

v.

NEW JERSEY TRANSIT CORP., a/k/a New Jersey Transit Rail Operations, Appellee.

Superior Court of Pennsylvania.

Argued Aug. 30, 2006.

Filed Oct. 24, 2006.

Reargument Denied Dec. 28, 2006.

Stephen Ernst, Philadelphia, for appellants.

Gregory F. Cirillo, Philadelphia, for appellee.

BEFORE: KLEIN, BOWES and KELLY, JJ.

OPINION BY KLEIN, J.:

¶ 1 Plaintiffs Giovanni Astorino, Sandra Astorino, Mark Shtraus, and Lilita Shtraus, who are all Pennsylvania residents, sued New Jersey Transit Corporation for injuries they suffered as a result of a commuter train derailment in Hudson County, New Jersey. The distinguished trial judge dismissed plaintiffs' complaint for lack of subject matter jurisdiction. On appeal, the trial judge deemed all issues waived because he held that the Pa.R.A.P. 1925(b) statement was too vague to permit him to draft a Pa.R.A.P. 1925(a) opinion. We disagree, and we caution trial judges against being too quick to find waiver, claiming that Rule 1925(b) statements are either *too vague* or *not specific enough.* In this case, the issue raised by the appellants is clear, although the Rule 1925(b) statement could have been shorter.

¶ 2 Although there is no waiver of the issue on appeal, because this case is controlled by *Flamer v. New Jersey Transit Bus Operations, Inc.*, 414 Pa.Super. 350, 607 A.2d 260 (1992), we are bound by that case and, therefore, affirm.

■ ¶ 3 The trial judge found that because plaintiffs filed an eight-page Rule 1925(b) statement, all appellate issues should be considered waived. We disagree. It is evident from a review of the statement that plaintiffs are essentially challenging the dismissal of their action for failing to sue in the New Jersey county specified by the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1–1 *et seq.*, when it is undisputed that New Jersey Transit does business in Philadelphia County. Particularly since the trial judge dismissed the action rather than transferring it to Hudson County, New Jersey, which is what New Jersey Transit requested, it was necessary for plaintiffs to clearly spell out *why* they were complaining or risk dismissal for failing to specify the issue. As the judge's order was the first time plaintiffs' counsel learned that the action had been dismissed, it was necessary to address this issue in some detail. Although the Rule 1925(b) statement included elements of prior briefs, that was necessary to some extent because of the changed posture of the case. Moreover, because plaintiffs summarized the briefs in one document, their Rule 1925(b) statement should have been viewed as *assisting* the trial court in preparing an opinion rather

than hindering it. Therefore, we decline to find waiver.[1]

¶ 4 Turning to the merits of this appeal, we note that the factual similarities between this case and *Flamer, supra,* are striking. The plaintiffs in *Flamer* were Pennsylvania residents injured in an accident in New Jersey while riding on a bus operated by New Jersey Transit. New Jersey Transit claimed that it was immune from suit in Pennsylvania under the New Jersey Tort Claims Act. 607 A.2d at 261.

¶ 5 This Court held that the Commonwealth's public policy would not be violated by applying the New Jersey Tort Claims Act, as Pennsylvania has a similar statute that limits an individual's right to sue a state entity. *Id.* at 263. The *Flamer* Court concluded that although the Commonwealth has a strong interest in protecting its citizens against tortious acts, because there is a right to sue in New Jersey if proper procedures are followed, the balance tipped in favor of New Jersey's right to regulate its common carriers. *Id.* at 264–65.

■ ¶ 6 As in *Flamer,* plaintiffs here argue that they are subject to long-arm jurisdiction because New Jersey Transit does business in this Commonwealth. That is not disputed, but the issue is subject matter jurisdiction under the Tort Claims Act. Also as in *Flamer,* plaintiffs here argue that they no longer have the option of suing in New Jersey because the statute of limitations has run. However, in *Flamer,* the plaintiffs had not given the requisite 90 days' notice to the governmental entity in New Jersey and therefore could no longer sue there. Whether or not that is the case here, where plaintiffs are probably barred both by lack of notice and the statute of limitations, makes no difference. The availability of another forum is only relevant if a case is being transferred under the doctrine of *forum non conveniens.* Here, the issue is subject matter jurisdiction.

■ ¶ 7 We believe that it was proper to "dismiss" the case rather than "transfer" the case. Under Pa.R.C.P. 1006(e), if a case cannot be transferred to another county within Pennsylvania, it is not appropriate to transfer the case. Instead, it should be dismissed without prejudice, as the trial judge did here. Moreover, if there is no subject matter jurisdiction, the proper remedy is dismissal, not transfer.

¶ 8 Unless the Pennsylvania Supreme Court or an *en banc* panel of this Court reverses *Flamer,* we cannot say that Pennsylvania public policy precludes our courts from giving comity to the New Jersey Tort Claims Act. The trial court properly applied the New Jersey Tort Claims Act and found that it lacked subject matter jurisdiction to hear the instant case.

¶ 9 Order affirmed.

---

1. *Cf. Commonwealth v. Zheng,* 2006 PA Super 227, ¶¶ 6–13, 908 A.2d 285 (declining to find waiver where appellant included general claims of trial court error in Rule 1925(b) statement due to vagueness of trial court's ruling following bench trial; trial court did not issue findings of fact or conclusions of law, made vague statements on record, and did not rule on appellant's post-sentence motions).