J-A21003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LISA A. KETCHUM AND JEFFREY A. KETCHUM, H/W, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| GIANT FOOD STORES LLC, | |
| Appellee | No. 379 EDA 2014 |

Appeal from the Judgment Entered December 17, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2012 No. 002302

BEFORE:  BOWES, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 30, 2014**

Lisa A. Ketchum ("Mrs. Ketchum") and her husband Jeffrey A. Ketchum ("Mr. Ketchum") (collectively "The Ketchums") appeal from judgment entered on a jury verdict in favor of Giant Food Stores, LLC ("Giant") following the denial of their motion for a new trial.  We affirm.

The Ketchums commenced a negligence action against Giant seeking to recover damages for injuries they sustained on June 22, 2010, after she allegedly slipped and fell on some candles while shopping in the frozen food section of a Giant-operated grocery store located in Morrisville,

_____

[*]  Retired Senior Judge assigned to the Superior Court.

Pennsylvania.[1]  Trial Court Opinion 12/17/13, at 1-2.  Mr. Ketchum asserted a loss of consortium.  The case proceeded to a jury trial on August 19, 2013.  Evidence was presented to the jury that, in order to prevent boxes of candles from being inadvertently knocked to the floor, the boxes have a center hole that slides onto a metal rod that is curved up to prevent them from sliding from the display.  N.T., 8/19/13, at 63.  Furthermore, Giant had a procedure in place whereby an employee would inspect the entire store once every hour for any obstacles, spills, or debris.  *Id*. at 33.  At approximately 2:17 p.m., a Giant employee completed an inspection of the aisle where Mrs. Ketchum fell and found no hazards.  *Id*. at 47.  It was reported that Mrs. Ketchum fell in aisle seventeen at approximately 2:30 p.m.  *Id*. at 37.  The Ketchums did not present any evidence that Giant's employees created the condition that led to the accident, or that anyone had notified an employee of the spill.

The Ketchums submitted a proposed point for charge regarding the liability of a property owner that was based on New Jersey Model Civil Jury Charge 520F(11).  The court declined to give the proposed instruction based on New Jersey law and, instead, instructed the jury in accordance with Pennsylvania Suggested Standard Jury Instruction ("Pa.SSJI") (Civ.) 18.40:

_____

[1]  There was a dispute at trial as to what caused Mrs. Ketchum to fall.  She testified that she slipped on a box of candles; the store manager described it as loose candles.  N.T., 8/19/13, at 108-09.

J-A21003-14

As an owner of property, an owner of property is required to use reasonable care in the maintenance and use of its property and to protect invitees from foreseeable harm. The owner of a property is also required to inspect the premises and to discover dangerous conditions. The owner of property is liable for harm caused to invitees by a condition on his property if the owner knows or, by using reasonable care, would discover the condition and should realize that it involves an unreasonable risk of harm, and the owner should expect that the invitees will not discover or realize the danger or will fail to protect themselves against it, and the owner fails to use reasonable care to protect the invitees against the danger. An owner of property is liable to invitees for any harm that the owner should have anticipated, regardless of whether the danger is known or obvious.

N.T., 8/21/13, at 17.[2] The jury returned a unanimous verdict in favor of Giant.

The Ketchums filed a timely post-trial motion for a new trial pursuant to Pa.R.C.P. 227.1, alleging that it was error for the trial court to refuse to instruct the jury in accordance with New Jersey Model Civil Jury Charge 520F(11). Plaintiffs' Motion for Post-Trial Relief ¶ 14. Following denial of their motion, they filed this appeal, renewing their challenge to the jury instruction:

Whether the Trial Court committed an error of law and/or abused its discretion when the Trial Court chose to charge the "Standard Pennsylvania Jury Charge 18.40 Owner of Land Duty of Care owed to Invitees Generally," which required [the Ketchums] to prove that [Giant] had notice of the dangerous

_____

[2] The trial court's charge is a near verbatim recitation of Pa.SSJI (Civ.) 18.40. The only difference is that the trial court substituted the word "property" for "land."

- 3 -

condition even though [Giant's] business operations made [Giant] aware of the danger to shoppers, like [Mrs. Ketchum].

Appellants' brief at 4.

Initially, we note our standard of review of a trial court's denial of a motion for a new trial.

We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

*Potochnick v. Perry*, 861 A.2d 277, 281-2 (Pa.Super. 2004) (quoting *Stalsitz v. Allentown Hospital*, 814 A.2d 766, 771 (Pa.Super. 2002)).

The Ketchums argue that Pa.SSJI (Civ.) 18.40 was incorrectly given to the jury because it required them to prove that Giant had actual or constructive notice of the danger. Appellants' brief at 7. Instead, they argue that New Jersey Model Civil Jury Charge 520F(11), which does not require proof of actual or constructive notice in situations where the mode of operation creates danger, should have been given to the jury. *Id*. at 9. They claim that because a grocery store's mode of operation is inherently dangerous, the burden of proof shifts to the store operator to prove that its employees acted reasonably. *Id*. at 12. Thus, they contend that it was

- 4 -

error for the trial court to deny the proposed point for charge based on New Jersey's model instructions in favor of Pennsylvania's suggested instructions.

When jury instructions are challenged on appeal, the principles governing our review are as follows:

> In examining jury instructions, our scope of review is limited to determining whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. Error in a charge is sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. Error will be found where the jury was probably [misled] by what the trial judge charged or where there was an omission in the charge. A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to a fundamental error. In reviewing a trial court's charge to the jury[,] we must look to the charge in its entirety. Because this is a question of law, this Court's review is plenary.

*Passarello v. Grumbine*, 87 A.3d 285, 296-297 (Pa. 2014) (quoting *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1069-70 (Pa. 2006) (citations, quotation marks, and ellipses omitted)).

The Ketchums wisely do not argue that New Jersey law governs herein.[3] Instead, the thrust of their argument appears to be that New

_____

[3] Pennsylvania applies the significant relationship test in determining what substantive law applies in a tort action. In an action for personal injuries, the law of the state where the injury occurred generally supplies the applicable substantive law unless another state has a more significant relationship to the occurrence and the parties. *See Flamer v. N.J. Transit Bus Operations*, 607 A.2d 260, 264 (Pa.Super. 1992). The trial court properly concluded that Pennsylvania had the most significant contacts since the injury occurred in Pennsylvania, the Ketchums are Pennsylvania

*(Footnote Continued Next Page)*

Jersey law adopted in ***Wollerman v. Grand Union Stores, Inc.***, 47 N.J. 426, 221 A.2d 513 (N.J. 1966), and which does not require a plaintiff to prove notice where a business' mode of operation creates a danger, should be the law of Pennsylvania. The mode-of-operation rule was incorporated into New Jersey's model civil charges, specifically, 5.20F(11), which provides as follows:

> 5.20F(11) DUTY OWED-CONDITION OF PREMISES
> Notice Not Required When Mode of Operation Creates Danger
>
> A proprietor of business premises has the duty to provide a reasonably safe place for his/her customers. If you find that the premises were in a hazardous condition, whether caused by defendant's employees or by others, such as customers, and if you find that said hazardous condition was likely to result from the particular manner in which the defendant's business was conducted, and if you find that defendant failed to take reasonable measures to prevent the hazardous condition from arising or failed to take reasonable measures to discover and correct such hazardous condition, then defendant is liable to plaintiff. In these circumstances defendant would be liable even if defendant and his/her employees did not have actual or constructive knowledge of the particular unsafe condition, which caused the accident and injury.

New Jersey Model Jury Instruction 5.20F(11). In ***Nisivoccia v. Glass Gardens, Inc.***, 818 A.2d 314, 317 (N.J. 2003), the Supreme Court of New Jersey explained that the rule creates an "inference of negligence" that

*(Footnote Continued)* —————————

residents, and Giant, a Delaware corporation, is authorized to conduct, and does conduct business in Pennsylvania. There are no contacts with New Jersey.

"shifts the burden to the defendant to 'negate the inference by submitting evidence of due care.'"

We find no error herein since **Nisivoccia** and the proposed jury instruction simply do not comport with Pennsylvania law. There is no "mode of operation" exception in Pennsylvania that shifts the burden or relieves the plaintiff of the burden of proving actual or constructive notice of the danger.

Under Pennsylvania law, the nature of the duty of a property owner depends on the relationship between the parties at the time of the injury. **Estate of Swift by Swift v. Northeastern Hosp. of Phila.**, 690 A.2d 719 (Pa.Super. 1997). A business invitee is owed the highest standard of care and is defined as a person "who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." **Id**. at 722-23. Giant admitted that Mrs. Ketchum was a business invitee on the date of the incident, and that she was owed the standard of care for a business invitee. **See** Answer ¶ 5. In **Carrender v. Fitterer**, 469 A.2d 120, 123 (Pa. 1983), our Supreme Court reiterated that the level of care owed to business invitees is derived from § 343 of the Restatement (Second) of Torts:

> A party is subject to liability for physical harm caused to an invitee only if: he knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the invitee will not realize it or will fail to protect themselves against it, and the party fails to exercise reasonable care to protect the invitees against the danger.

Restatement (Second) of Torts § 343. Additionally, the burden is on the plaintiff to prove that the premises owner knew or with the exercise of reasonable care would have known of the harmful condition or was responsible for creating the harmful condition:

> [I]f the harmful transitory condition is traceable to the possessor or his agent's acts, (that is, a condition created by the possessor or those under his authority), then the plaintiff need not prove any notice in order to hold the possessor accountable for the resulting harm. In a related context, where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner had constructive notice of it. Where, however, the evidence indicates that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.

*Myers v. Penn Traffic Co.*, 606 A.2d 926, 929 (Pa.Super. 1992) (quoting *Moultrey v. Great Atlantic & Pacific Tea Co.*, 422 A.2d 593, 596 (Pa.Super. 1980)).

In the present case, the evidence revealed that Giant's employees regularly inspected the area where Mrs. Ketchum fell, and on the day in question, it was inspected about thirteen minutes before the incident. N.T., 8/19/13, at 47. There was no evidence adduced that Giant or its employees created the harmful condition, *i.e.*, put the candles on the floor, or that they knew of the condition. Thus, the Ketchums could not prevail unless they

proved that Giant or its employees, with the exercise of reasonable care, should have known of the condition. The jury did not so find.

We note that the Pennsylvania Suggested Jury Instructions have not been adopted as binding law by our Supreme Court. *Jeter v. Owens-Corning Fiberglas Corp.*, 716 A.2d 633, 636 (Pa.Super. 1998). However, the jury instruction given by the trial court in this case, which was modeled on the standard instruction, correctly stated Pennsylvania law regarding the law applicable in premises liability negligence cases involving harm to a business invitee. Furthermore, beyond the legal content, we do not find Pa.SSJI (Civ.) 18.40 to be unclear or confusing to a jury.

Given that the court properly instructed the jury in accordance with Pennsylvania law, we find no error.

Judgment affirmed.

Judge Ott joins the Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2014

- 9 -