J-A30040-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| MARIAN W. SANDERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH WHITAKER | : | |
| | : | |
| Appellant | : | No. 1002 WDA 2018 |

Appeal from the Order Entered June 18, 2018
in the Court of Common Pleas of Washington County
Civil Division at No(s): 2018-722
Docket No. MJ-27201-2-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:              **FILED MARCH 14, 2019**

Kenneth Whitaker (Tenant) appeals *pro se* from the grant of summary judgment entered on June 18, 2018, against him and in favor of Marian W. Sanders (Landlord).  We affirm.

Tenant has rented and lived in a property owned by Landlord for several years and has a history of underpaying or not paying rent.  Relevant to this appeal, the parties entered into a written residential lease agreement for a one-year term, from December 1, 2016 through November 30, 2017 (Lease Agreement) for the total rent of $8,880.  Tenant failed to submit timely monthly rent payments owed under the Lease Agreement.

On or about October 16, 2017, Landlord gave Tenant a notice to quit, via certified mail, notifying him that the Lease Agreement was not renewed and to vacate the premises upon termination of the Lease Agreement, *i.e.,*

---

* Retired Senior Judge assigned to the Superior Court.

November 30, 2017. Thereafter, Tenant filed *pro se* a complaint against Landlord with the magisterial district judge, alleging defective service of the notice because it was not hand-delivered or posted on the door of the premises. On December 20, 2017, Landlord gave Tenant a second notice to quit, by hand-delivery and posting on the door of the premises, notifying him that the Lease Agreement was not renewed and to vacate the premises by January 4, 2018. On January 16, 2018, Landlord filed a complaint for possession against Tenant with the magisterial district judge. On January 30, 2018, the magisterial district judge entered judgment for possession in favor of Landlord and against Tenant.

On February 8, 2018, Tenant filed *pro se* a notice of appeal *de novo* in the trial court and a *praecipe* to enter rule upon Landlord to file a complaint. On February 14, 2018, Landlord filed a complaint in the trial court. Specifically, Landlord claimed that Tenant breached the Lease Agreement by failing to vacate the premises upon the expiration of the lease, to pay rent in full, and to pay a sewage expense. Complaint, 2/14/2018, at ¶¶ 8, 10. Landlord sought a judgment against Tenant for possession and $9,420.02, which represented unpaid rent, sewage, and attorneys' fees, plus costs. *Id.*

Tenant filed *pro se* a response thereto on February 26, 2018. Specifically, Tenant alleged that he was justified in remaining in the premises because the second notice to quit did not give 30 days' notice as required under the Lease Agreement. Tenant's Response, 2/26/2018, at

- 2 -

¶¶ 2-3, 16. Tenant further averred that the first notice was defective because it was signed by Landlord's power of attorney and not Landlord herself. *Id.* at ¶¶ 18, 25.

On March 26, 2018, Landlord filed a motion for summary judgment and affidavit in support thereof, or alternatively, judgment on the pleadings.[1] Landlord maintained that she gave Tenant proper notice to quit and sought judgment of possession, monetary judgment, and authorization of a writ of possession. Motion for Summary Judgment, 3/26/2018; Brief in Support of Motion for Summary Judgment, 5/24/2018. Tenant responded, and the parties appeared before the trial court on June 15, 2018, to argue the motion.

At that argument, Tenant admitted that he received the first notice to quit. N.T., 6/15/2018, at 5, 10. However, he argued that its service was defective because it was not hand-delivered or posted on the door of the premises, as required under the Landlord and Tenant Act, 68 P.S. §§ 250.101-250.602. N.T., 6/15/2018, at 10. He also claimed that the notice was invalid because Landlord's power of attorney did not indicate her capacity as such on the notice. *Id.* at 10-12. Tenant further admitted that he had fallen "behind on the rent several times." *Id.* at 9.

---

[1] On March 21, 2018, Tenant filed *pro se* what he titled "Motion to Dismiss Summary Judgement [*sic*] Request by Attorney David Posner." However, as of that date, Landlord had not yet moved for summary judgment.

That day, the trial court granted Landlord's motion for summary judgment in favor of Landlord for possession of the premises and for $7,850, which represented unpaid rent. Tenant timely filed a *pro se* notice of appeal with this Court on July 6, 2018.[2] Both Tenant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Tenant claims the trial court erred in granting Landlord's motion for summary judgment, judgment for possession and judgment of $7,850; failing to allow him his right to a trial by jury; and exercising jurisdiction over the matter. Tenant's Brief at 6-8.

Before analyzing any issues which might have been presented in Tenant's *pro se* brief, we must determine whether the issues have been properly preserved for our review. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 210 (Pa. Super. 2008). That Tenant "filed a timely response to the trial court's Pa.R.A.P. 1925(b) order does not automatically equate with issue preservation." ***Id.*** The Rule 1925(b) statement "must be sufficiently

_____

[2] On July 5, 2018, Tenant filed *pro se* motions to strike judgment and stay judgment. Tenant avers that the trial court denied said motions at a hearing that same day. Tenant's Brief at 12. However, the certified record and docket entries do not contain an order reflecting as much. On July 13, 2018, after Tenant had filed a notice of appeal to this Court, Landlord filed a praecipe to enter judgment on her motion for summary judgment, and on July 17, 2018, Tenant filed a motion to stay judgment that was materially identical to his July 5, 2018 filing. In light of Tenant's appeal filed on July 6, 2018, the trial court did not proceed on these pleadings. ***See*** Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.").

'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raised on appeal…." ***Id.*** Herein, as noted by the trial court, Tenant filed a 20-page statement "containing voluminous case law and arguments about his appeal with no discernable issues complained of on appeal." Trial Court Opinion, 8/14/2018, at 2 (pagination supplied); ***see also*** Rule 1925(b) statement. We could easily find waiver under these circumstances. ***See Jiricko,*** 947 A.2d at 213 (finding waiver of issues where *pro se* appellant's five-page Rule 1925(b) statement was "incoherent, confusing, redundant, [and] defamatory"). However, we decline to do so because it is clear from this Court's review of the concise statement that the crux of Tenant's claim is that he did not receive proper notice to quit. ***See Astorino v. New Jersey Transit Corp.***, 912 A.2d 308, 309 (Pa. Super. 2006).

Nevertheless, we note that appellate "briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017); ***see also*** Pa.R.A.P. 2101. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of [] Court." ***Id***.

(citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id*. (citation omitted).

Specifically, Rule 2119 addresses the argument section of appellate briefs and provides, in part:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Further, it is well-established that "[w]hen issues are not properly raised and developed in briefs, [or] when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Tchirkow**, 160 A.3d at 804.

Instantly, Tenant presents four issues in his brief, but fails to divide his argument section in accordance with Rule 2119(a). More importantly, Tenant's argument section of his brief does not make any meaningful argument relating to the trial court's calculation of money judgment, his right to a jury trial, or the court's jurisdiction. **See** Tenant's Brief at 15-18. Accordingly, we find these issues waived.[3] **Umbelina v. Adams**, 34 A.3d

---

[3] To the extent Tenant argues a violation of his right to a jury trial and lack of jurisdiction elsewhere in his brief, **see** Tenant's Brief at 12, 14-15, such arguments merit no relief. "A proper grant of summary judgment depends upon an evidentiary record that either: 1) shows the material facts are undisputed or 2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to submit to a jury." **Rabutino v. Freedom State Realty Co., Inc.**, 809 A.2d 933, 938 (Pa. Super. 2002). Here, as discussed *infra*, the material facts are
*(Footnote Continued Next Page)*

151, 161 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

We now turn to Tenant's remaining claim that he did not receive proper notice to quit. When reviewing an order of the trial court granting summary judgment, we are guided by the following.

> Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. … [W]e will review the record in the light most favorable to the non-moving party, and all doubts as to the

*(Footnote Continued)* _____

undisputed and there is no issue to submit to a jury. Thus, Tenant's jury-trial argument fails.

Further, when a party seeks to challenge a judgment entered by a magisterial district judge, there are two avenues for relief: file an appeal *de novo* or *praecipe* for a writ of *certiorari* in the court of common pleas. **See** Pa.R.C.P.M.D.J. 1002, 1007, 1009. When the proceeding is *de novo*, the trial court "can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the magisterial district judge." **See** Rule 1007, Official Note. To challenge the jurisdiction of the magisterial district judge, the correct procedure is to file a writ of *certiorari* with the court of common pleas. **See** Rule 1009. However, having instituted the proceedings before the magisterial district judge, Tenant cannot challenge the district judge's jurisdiction. **See** Rule 1009, Official Note. Accordingly, Tenant's jurisdiction argument is without merit.

- 7 -

existence of a genuine issue of material fact must be resolved against the moving party.

***Krauss v. Trane U.S. Inc.***, 104 A.3d 556, 562-63 (Pa. Super. 2014)

(quoting ***Shepard v. Temple University***, 948 A.2d 852, 856 (Pa. Super.

2008)).

Section 250.501 of the Landlord and Tenant Act provides, in relevant

part:

> (a) A landlord desirous of repossessing real property from a tenant … may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) Upon the termination of a term of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

> (b) … in case of the expiration of a term or of a forfeiture for breach of the conditions of the lease where the lease is for **any term of one year or less or for an indeterminate time, the notice shall specify that the tenant shall remove within fifteen days from the date of service thereof**, and when the lease is for more than one year, then within thirty days from the date of service thereof.  In case of failure of the tenant, upon demand, to satisfy any rent reserved and due, the notice shall specify that the tenant shall remove within ten days from the date of the service thereof.

> ***

> (e) The notice above provided for may be for a lesser time or may be waived by the tenant if the lease so provides.

> (f) The notice provided for in this section may be served personally on the tenant, or by leaving the same at the principal building upon the premises, or by posting the same conspicuously on the leased premises.

68 P.S. § 250.501 (emphasis added).

Further, the Lease Agreement provides, in relevant part:

The tenant covenants … to use the premises only for dwelling for tenant and one child and to surrender the same at the end of the term….  The tenant waives to the lessor the benefit of all laws now or hereafter in force in this state or elsewhere exempting property from liability for rent, or for debt, expressly waiving … Act No. 20, approved April 6, 1951, entitled "The Landlord and Tenant Act of 1951."

***

The tenant also expressly waives to the lessor the benefit of the Act of Assembly, No. 20, approved April 6, 1951, entitled "The Landlord and Tenant Act of 1951" and for valuable consideration, covenants and agrees to vacate, remove from and deliver up possession of the said premises at any time upon receiving thirty days notice so to do, in which case the lessor or his assigns may re-enter and take possession thereof.

Lease Agreement, 11/20/2016, at 1-2 (pagination supplied and unnecessary capitalization omitted).

We agree with the trial court that there is no genuine issue of material fact.  The Lease Agreement was for a one-year term, ending on November 30, 2017.  It is undisputed that Tenant received a notice to quit on or about October 16, 2017, more than six weeks prior to the end of the Lease Agreement.  This put Tenant on notice that the Lease Agreement was not being renewed and he must vacate the premises by the end of the lease, *i.e.*, November 30, 2017.  That the notice was sent to Tenant via certified mail is of no moment; Tenant admits he received the notice.  Thus, Landlord satisfied the requirements of both section 250.501 and the Lease Agreement.  We are likewise unpersuaded by Tenant's argument that the

notice was defective because it was signed by Landlord's power of attorney and not Landlord. There is no dispute that Marian R. Sanders is Landlord's power of attorney, as Tenant concedes in his brief, giving Sanders the ability to sign for Landlord. Tenant's Brief at 9. Accordingly, we affirm the trial court's order granting summary judgment in favor of Landlord.[4]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2019

---

[4] In light of our disposition, we need not address Tenant's arguments that the Lease Agreement carried over past November 30, 2017 or that the second notice to quit, dated December 20, 2017, was defective.