# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| CEDRIC GALETTE | : | No. 204 EAL 2023 |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| | : | |
| NJ TRANSIT AND JULIE E. MCCREY | : | |
| | : | |
| | : | |
| PETITION OF: NJ TRANSIT | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 14th day of February, 2024, the Petition for Allowance of Appeal is **GRANTED**, **LIMITED TO** the issues set forth below.  Allocatur is **DENIED** as to the remaining issue.  The issues, rephrased for clarity, are:

(1) Whether guidance by this Court is necessary when the Superior Court issued an opinion that New Jersey Transit is not an arm of the State of New Jersey, conflicting with its own prior decision in *Flamer v. New Jersey Transit Bus Operations*, 607 A.2d 260 (Pa. Super. 1992) and thereby creating inconsistent precedent?

(2) Whether guidance by this Court is necessary when the Superior Court disregarded the persuasive authority of *Karns v. Shanahan*, 879 F.3d 504 (3rd. Cir. 2018) and instead misinterpreted and misapplied *Goldman v. SEPTA*, 57 A.3d 1154 (Pa. 2012) to issue an opinion that New Jersey Transit is not an arm of the state of New Jersey and therefore not entitled to Eleventh Amendment Sovereign Immunity?

(3) Whether guidance by this Court is necessary because the issue of whether New Jersey Transit is an arm of the state of New Jersey entitled to Eleventh Amendment Sovereign Immunity under the United States Constitution in accordance with *Franchise Tax Board of California v. Hyatt*, 139 S.Ct. 1485 (U.S. 2019), is an issue of first impression in this Court?

The parties are directed to address *Marshall v. Southeastern Pennsylvania Transp., Authority*, 300 A.3d 537 (Pa. Cmwlth. 2023).

The Application for Leave to File Post-Submission Communication pursuant to Pa.R.A.P. § 2501 is **DENIED**.